# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BJORN ERIK HAAPANIEMI,

    Plaintiff,

  v.

ANCHORAGE DAILY NEWS, *et al.*,

    Defendants.

Case No. 3:22-cv-00143-SLG

## **SCREENING ORDER**

On June 9, 2022, Bjorn Erik Haapaniemi (hereinafter "Plaintiff"), a self-represented prisoner, filed a civil Complaint, along with a civil cover sheet and a handwritten motion titled *Request to Proceed In Forma Pauperis in Above Captioned Case*.[1] Subsequently, Plaintiff has made five additional filings with various titles such as "Notice" or "Update," but each include requests for relief from the Court.[2] These filings are procedurally incorrect and will be addressed separately within this order.

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court will not consider Docket 8 titled *Updates on Other Federal Court Decisions Adding Credibility to Plaintiff's Slander/Libel Accusations*,

---

[1] Dockets 1–3.

[2] Dockets 4–6, 8–9.

because a Plaintiff may not amend a complaint by "updates" to the Court.[3]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the

---

[3] Fed. R. Civ. P. 15(a); Local Civil Rule 15.1; *see also Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (stating "an amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

[4] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [8]

## DISCUSSION

Plaintiff's civil action is procedurally deficient. Further, Plaintiff's Complaint fails to demonstrate that this Court has proper jurisdiction and fails state a claim upon which relief may be granted. Plaintiff's Complaint must be dismissed, but the Court grants leave to amend in accordance with the guidance given below.

### I. Deficient Filing

As a preliminary procedural matter, in order to properly commence a civil action, a litigant must either pay the filing fee of $402.00 or file an application to waive prepayment of the filing fee.[9] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement of their prison trust account

---

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[9] Local Civil Rule 3.1(c).

for the past six months.[10]  Plaintiff's motion to proceed *in forma pauperis* at Docket 3 lacks the required prisoner trust account statement.[11]

Accordingly, this civil action is deficient because it lacks payment of the filing fee or a complete motion to waive prepayment of the filing fee.[12]  The Court **DEFERS** Plaintiff's *Request to Proceed In Forma Pauperis in Above Captioned Case* at Docket 3, in order for Plaintiff to file with the Court a certified copy of his prisoner trust account.  If Plaintiff does not comply within **30 days of the date of this order,** this action will remain procedurally deficient and be subject to dismissal without further notice to Plaintiff.

## II. Complaint

Plaintiff alleges that on or about March 19, 2021, Michelle Theirault-Boots and the Anchorage Daily News published an article regarding Plaintiff's conviction in federal district court.[13]  Plaintiff alleges that Defendants wrote the article in a slanderous manner based off "a wildly exaggerated DOJ statement (erroneous in

---

[10] 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."); Local Civil Rule 3.1(c)(3).

[11] *See* Docket 3.

[12] The Court cautions Plaintiff that as a prisoner, the Court may only waive prepayment of the filing fee.  Should Plaintiff's claims pass through the required statutory screening the Court shall issue a separate fee order that shall collect the entire filing fee incrementally from Plaintiff's prisoner trust account.  28 U.S.C. § 1915(b) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.")

[13] Docket 1 at 1.

itself)."[14]  Plaintiff alleges that Defendants wrote the article to "appear as if Plaintiff has been convicted of 'child sexual abuse' on his children in Alaska[.]"[15]  Plaintiff alleges that Defendants "purposely [left] out that the 3 child sexual abuse cases were fully dismissed after medical testing showed no abuse" and "misrepresented an Arizona conviction."[16]  Plaintiff alleges that "these intentional misrepresentations are outright, deliberate, malicious libel and slander—Defendant has never been convicted of any child crime in the State of Alaska, and no 'abuse' charges in Arizona[.]"[17]  Plaintiff alleges that "[t]his blatant slander has permanently ruined Plaintiff."[18]  For relief, Plaintiff requests $5,000,000.00 in damages and a retraction of the article.[19]

In support of his Complaint, Plaintiff provides three exhibits:  (1) a change of name certificate issued by the Superior Court for the State of Alaska; (2) a letter to Earlene Hutton from Plaintiff's former attorney in his federal criminal matter; and

---

[14] Docket 1 at 1.

[15] Docket 1 at 1.

[16] Docket 1 at 1.

[17] Docket 1 at 1.

[18] Docket 1 at 1.

[19] Docket 1 at 1.

(3) an email sent by an unknown writer to Plaintiff's former criminal attorney regarding his conditions of confinement in an unspecified facility.[20]

The Court takes judicial notice of the following criminal matters of Plaintiff.[21] First, in *State of Arizona v. Peter Norris*, now changed to *State of Arizona v. Bjorn Erik Haapaniemi*, Case No. CR-2009007808-001, Plaintiff was charged with six counts of Sexual Conduct with a Minor and one count of Incest.[22] Plaintiff pleaded guilty to one count of Sexual Conduct with a Minor, and two amended counts of Attempted Sexual Conduct with a Minor.[23] Pursuant to a plea agreement, the Superior Court of Arizona dismissed the remaining three counts of Sexual Conduct with a Minor and the count of Incest at the time of sentencing.[24]

Second, the Court takes judicial notice of *United States of America v. Peter Lee Norris a/k/a Peter Lee Bjorn Norris a/k/a Bjorn Erik Haapaniemi*, Case No.

---

[20] Dockets 1-1–1-3.

[21] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[22] *State of Arizona v. Peter Norris a/k/a Bjorn Erik Haapaniemi*, Case No. CR-2009007808-001, Case Information, available at:
https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx.

[23] *State of Arizona v. Peter Norris a/k/a Bjorn Erik Haapaniemi*, Case No. CR-2009007808-001, Minute Entry, Sentencing Hearing (July 2, 2010), available at:
http://www.courtminutes.maricopa.gov/scripts/meeds/qreturn.asp?casenumber=CR2009007808#.

[24] *State of Arizona v. Peter Norris a/k/a Bjorn Erik Haapaniemi*, Case No. CR-2009007808-001, Minute Entry, Plea Agreement/Change of Plea Hearing (March 5, 2010), available at:
http://www.courtminutes.maricopa.gov/scripts/meeds/qreturn.asp?casenumber=CR2009007808#.

3:19-cr-00078-RRB. Plaintiff was charged with one count of Stalking, 18 U.S.C. § 2261A(2)(B) and two counts of Mailing Threatening Communications, 18 U.S.C. § 876(d).[25] Plaintiff plead guilty to one count of Stalking and one count of Mailing Threatening Communications and sentenced to a consecutive total of 108 months imprisonment, with the term to run consecutively to the sentence of imposed in *State of Arizona v. Peter Norris*, a/k/a Bjorn Erik Haapaniemi, Case No. CR-2009007808.[26]

### III. Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain the following: (1) "a short and plain statement of the court's jurisdiction"; 2) "a short and plain statement of the claim showing that the [complainant] is entitled to relief" and )3) "a demand for relief sought."[27] Plaintiff's Complaint fails to address the Court's jurisdiction and lacks sufficient, plausible factual details that, if proven true, would show that he is entitled to relief.

    A. Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[28] A court's subject matter jurisdiction is its "statutory or constitutional power to

---

[25] *United States of America v. Peter Lee Norris a/k/a Peter Lee Bjorn Norris a/k/a Bjorn Erik Haapaniemi*, Case No. 3:19-cr-00078-RRB, Docket 35 at 2.

[26] *United States of America v. Peter Lee Norris a/k/a Peter Lee Bjorn Norris a/k/a Bjorn Erik Haapaniemi*, Case No. 3:19-cr-00078-RRB, Docket 101 at 1–3.

[27] Fed. R. Civ. P. 8(a).

[28] BLACK'S LAW DICTIONARY, (11th ed. 2019).

adjudicate a case."[29] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[30] This means that the Court has the authority to hear only specified types of cases.[31] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[32] The party asserting jurisdiction bears the burden of proving the court has subject matter jurisdiction.[33]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[34] Plaintiff makes no allegations or claims under the United States Constitution or federal statutes. Accordingly, the Court does not have federal question jurisdiction.

Alternatively, a federal court may exercise jurisdiction when there is diversity of citizenship between the parties. A federal district court may have diversity jurisdiction of a civil action when the amount in controversy exceeds $75,000.00 and the adverse parties are citizens of different states.[35] A plaintiff must have

---

[29] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[30] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[31] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[32] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[33] *Kokkonen*, 511 U.S. at 377.

[34] 28 U.S.C. § 1331.

[35] 28 U.S.C. § 1332(a)(1).

"citizenship which is diverse from that of every defendant."[36] This means that this Court could have jurisdiction over a case (Including one involving only state law issues) when the plaintiff demonstrates that he is a citizen of a different state than the state of citizenship of each of the defendants.[37]

Plaintiff's Complaint does not identify his state of citizenship nor the state of citizenship of each Defendant. The state citizenship of a person for diversity jurisdiction depends on where he is domiciled. A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely."[38] A determination on domicile involves a number of factors, such as: current residence, voting registration, the location of personal and real property, the location of bank accounts, the location of spouse and family, membership in organizations, place of employment, driver's license and vehicle registration, and the payment of taxes.[39] A court must evaluate a person's domicile through objective facts and statements of intent are given little weight when in conflict with the facts.[40] The

---

[36] *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[37] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[38] *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

[39] *Id.* at 750.

[40] *Id.* at 750.

Ninth Circuit Court of Appeals has declined to establish a determinative test for incarcerated persons.[41] Accordingly, "federal courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to the incarceration."[42]

Plaintiff's Complaint is deficient because it does not contain facts that demonstrate: (1) his domicile for purposes of state citizenship and (2) that his state of citizenship is different from that of each Defendant in order for this Court to have diversity jurisdiction.

### B. Failure to State a Claim

A complaint should set out each claim for relief separately. Each claim should identify: (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. Rule 8 of the Federal Rules of Civil Procedure also requires that "each allegation must be simple, concise, and direct."[43] Factual allegations must not be speculative but must contain "factual content that allows the court to draw the reasonable inference that the defendant

---

[41] *U.S. v. Arango*, 670 F. 3d 988, 997, n. 7 (stating "We do not decide whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction, a question that the Ninth Circuit has yet to address.").

[42] *Hardaway v. Nooth*, 2011 WL 7276958, n.2 (D. Or. Oct. 6, 2011) (citing to *Smith v. Cummings,* 445 F.3d 1254, 1260 (10th Cir.2006); *Denlinger v. Brennan,* 87 F.3d 214 (7th Cir.1996); *Housand v. Heiman,* 594 F.2d 923, 925 n. 5 (2nd Cir.1979) (*per curiam* ); *Jones v. Hadican,* 552 F.2d 249, 250–51 (8th Cir), *cert. denied,* 431 U.S. 941 (1977); *Stifel v. Hopkins,* 477 F.2d 1116 (6th Cir.1973)).

[43] Fed. R. Civ. P. 8(d).

is liable for the misconduct alleged."[44] While a complaint need not contain every precise factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[45] A complaint is insufficiently pleaded if it offers "naked assertions devoid of further factual enhancement."[46]

Plaintiff alleges slander and libel,[47] which are tort claims, addressed by state law, as defamation. Under Alaska law to state a claim for defamation, a plaintiff must plead facts, that if proven true, would establish "1) a false and defamatory statement; 2) an unprivileged publication to a third party; 3) fault amounting at least to negligence on the part of the publisher; and 4) the existence of either 'per se' actionability or special harm."[48] "A communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or deter third persons from associating or dealing with him."[49]

The Alaska Constitution guarantees that "[e]very person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."[50]

---

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[45] *Id.*

[46] *Id.* (internal citations and quotations omitted).

[47] Black's Law Dictionary defines slander as a "defamatory assertion expressed in a transitory form" such as speech or "false and defamatory words said in reference to another"; and libel as a "defamatory statement expressed in a fixed medium," such as writing, signage, or electronic broadcast. BLACK'S LAW DICTIONARY, (11th ed. 2019).

[48] *Olivit v. City and Borough of Juneau*, 171 P. 3d 1137, 1142 (Alaska 2007).

[49] *Green v. Northern Publishing Co., Inc.*, 655 P.2d 736, 739 (Alaska 1982), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983).

[50] ALASKA CONST. art. I, § 5.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Screening Order
Page 11 of 20
Case 3:22-cv-00143-SLG   Document 11   Filed 10/14/22   Page 11 of 20

Longstanding Alaska law provides that "there is a paramount public interest permitting persons to speak or write freely without being restrained by the possibility of a defamation action."[51] Newspapers and government speakers are afforded a conditional privilege, "because it is considered in the public interest that information be made available as to what takes place in public affairs."[52] Further, that "privilege extends to non-malicious misstatements of fact."[53]

However, a defendant's conditional privilege may be lost.[54] "[T]o make a claim for defamation based on speech about a matter of public interest, a plaintiff must show that the false and defamatory statements were made with actual malice."[55] "Actual malice exists when it is proved that the defamatory statement was made with knowledge that it was false or with a reckless disregard of whether it was false or not."[56]

Plaintiff did not submit the alleged article as an exhibit.[57] The Court takes judicial notice[58] that a search of the Anchorage Daily News archives does not

---

[51] *Fairbanks Pub. Co. v. Francisco*, 390 P. 2d 784, 793 (Alaska 1964).

[52] *Id.*; *see also Taranto v. North Slope Borough*, 992 P.2d 1111, 1115 (Alaska 1999) (holding that speech on matters of public safety is conditionally privileged).

[53] *Pearson v. Fairbanks Pub. Co.*, 413 P. 2d 711, 714 (Alaska 1966).

[54] *Taranto*, 992 P. 2d at 1115.

[55] *Olivit*, 171 P. 3d at 1142.

[56] *Pearson*, 413 P. 2d at 715.

[57] *See* Docket 1.

[58] *See supra* n. 21.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Screening Order
Page 12 of 20

return any articles written by Defendant Theriault-Boots about Plaintiff's federal criminal matter. Further, additional Anchorage Daily News archive searches using Plaintiff's past and present names also do not return results. Accordingly, Plaintiff must include a copy of the alleged article with any amended complaint.

## IV. Notices, Motions, and "Requests" to the Court

Subsequent to filing the Complaint, Plaintiff has made five additional filings with the Court. At Docket 4, Plaintiff filed *Notice of Change of Address – Request to Resend Filings 6/12/22 – present*. At Docket 5, Plaintiff filed *Update of Plaintiff's Location (in Federal Transit) and Request for Copies of Recent Filings*. At Docket 6, Plaintiff filed *Request of Court to Instruct Plaintiff of Proper Protocol to Properly Serve Defendants*. At Docket 8, Plaintiff filed *Updates on Other Federal Court Decisions Adding Credibility to Plaintiff's Slander/Libel Accusations*. At Docket 9, Plaintiff filed *Acknowledgment of Receipt of New Magistrate Order – Request to Screen 3 Attorneys*.

The Federal Rules of Civil Procedure and the Local Civil Rules of the District of Alaska must be followed by all civil litigants make filings with the Court.[59] A trial court is an adjudicatory tribunal designed to resolve disputes.[60] A trial court cannot correspond with litigants, nor issue rulings without proper a motion before it.

---

[59] *See generally* Fed. R. Civ. P.; Local Civil Rules (copies of these rules should be available either through legal resources available to Plaintiff in his place of incarceration or on request from the Clerk of Court or the federal court law librarian).

[60] Trial Court, *Black's Law Dictionary*, (11th ed. 2019).

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Screening Order
Page 13 of 20

Case 3:22-cv-00143-SLG   Document 11   Filed 10/14/22   Page 13 of 20

Plaintiff is bound by the same procedural rules that govern other litigants.[61] A court may act with leniency towards a self-represented litigant for procedural violations, but the litigant is not excused from the rules that govern court proceedings.[62] This is to ensure fairness to all parties, regardless of the topic at hand.

Notices are a type of filing that should be rarely used and only for administrative functions—i.e., to notify the court of a change of address or for an attorney to appear to represent a client.[63] Similarly, an "update" is not something the Court will consider or address. In order to seek relief from the Court, a party must file a motion. A motion must "be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought."[64] Furthermore and in accordance with Local Civil Rule 7.1(a):

> All written motions and oppositions must include: (1) a brief statement of the requested relief; (2) a brief discussion of applicable points and authorities; and (3) supporting admissible evidence with deposition evidence restricted to relevant excerpts. Evidence unsuitable for electronic filing must be filed conventionally in accordance with Local Civil Rule 7.3(c).

Each request for relief made to the Court should be made as a separate motion.[65]

---

[61] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

[62] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (2012).

[63] *See* Local Civil Rule 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); Local Civil Rule 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

[64] Fed. R. Civ. P. 7(b) (Motions and Other Papers).

[65] Local Civil Rule 7.1(e).

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Screening Order
Page 14 of 20
Case 3:22-cv-00143-SLG Document 11 Filed 10/14/22 Page 14 of 20

The Local Civil Rules govern this Court's motion practice, and all parties must adhere to these standards.

Plaintiff's filings at Dockets 4, 5, 6, 8, and 9 fail to follow the proper procedural rules. The Court addresses each briefly in order for Plaintiff to better understand what is required for future motions practice.

- Docket 4: The Notice of Change of Address was a proper administrative notice pursuant to Local Civil Rule 11.1(b). Plaintiff's request for the Court to forward any court filings "to his civil counsel" is procedurally erroneous, because it is not made in the form of a motion pursuant to Local Civil Rule 7.1 and 7.1(e). If Plaintiff is represented by counsel, counsel must make an appearance in this matter.[66] The Court and the Clerk's Office will not act as couriers or intermediaries for any party.

- Docket 5: An "Update" is neither a proper administrative notice nor a motion. Plaintiff's request for the Court to "mirror, (or simply send), all filings to Plaintiff's email," which is monitored by Plaintiff's ex-wife is procedurally erroneous, because it is not made in the form of a motion pursuant to Local Civil Rule 7.1 and 7.1(e). Regardless, distribution of orders via email to a self-represented prisoner litigant is not an option; rather, the Clerk of Court distributes orders to such litigants through the CM/ECF system and by traditional mail. Electronic access to federal court dockets is available

---

[66] *See* Local Civil Rule 11.1(a).

through PACER.

- Docket 6: Plaintiff asks the Court to confirm whether he has properly served Defendants. Generally, a court will not issue advisory opinions, answer questions from litigants, or provide legal advice. Regardless, as an incarcerated person requesting to waive prepayment of the filing fee, Plaintiff's Complaint, or any amended complaint, is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to the Court's issuance of a summons for service on Defendants. Should Plaintiff's claims pass the screening process, the Court will provide Plaintiff with further instructions on how to properly serve Defendants.

- Docket 8: An "Update" is neither a proper administrative notice nor a motion. A plaintiff may not simply add claims, allegations, or factual details to a complaint by notice, motion, or other filing.[67] A complaint may only be amended by the submission of a new complaint, which replaces the prior complaint in its entirety.[68]

- Docket 9: "Acknowledgment of Receipt" of an order is neither a proper administrative notice nor a motion. The Court does not carry-on general correspondence with litigants. Plaintiff's request for Docket 8 to "be duly recognized in Fairbanks Court" and order Defendants to not discuss this

---

[67] *Supra* note 3.

[68] *Supra* note 3.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Screening Order
Page 16 of 20

matter with three attorneys, previously involved in his federal criminal matter, is procedurally erroneous, because it is not made in the form of a motion pursuant to Local Civil Rule 7.1 and 7.1(e). The Court notes that because this action remains at the screening stage, a summons has not yet been issued and Defendants have not appeared in this action.

For the foregoing reasons, the requests made to the Court in Dockets 4, 5, 6, 8, and 9 must all be **DENIED** as procedurally erroneous, and in some cases as addressed above, substantively flawed.

## CONCLUSION

Plaintiff alleges a state tort claim for defamation. However, he has failed to plead jurisdiction or to state a claim upon which the Court may grant relief. Therefore, the Court must dismiss the Complaint at Docket 1, but grants leave to amend. An amended complaint must contain a short, plain statement of jurisdiction that includes sufficient facts that demonstrates there is diversity jurisdiction. Plaintiff also must plead sufficient facts, that if proven true, would fulfill the required elements of the defamation claim alleged. Lastly, Plaintiff must follow the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Alaska when requesting relief from the Court.

**IT IS THEREFORE ORDERED:**

1. The Complaint at Docket 1 is **DISMISSED** without prejudice. The Court grants leave to amend.

2. The *Request to Proceed In Forma Pauperis in Above Captioned Case* at Docket 3 is **DEFERRED**, in order for Plaintiff to submit a certified copy of his prisoner trust account as required by 28 U.S.C. § 1915(a)(2) **within 30 days of the date of this order.** If Plaintiff's claims should pass out of screening and the motion at Docket 3 were to be granted, the Court shall issue a separate order regarding the collection of the filing fee. The Court reminds Plaintiff that the Court may only waive prepayment of the fee, not the fee itself.[69] Therefore, if this case proceeds, Plaintiff will be financially responsible for the entire $402.00 filing fee.

3. Plaintiff's *Notice of Change of Address – Request to Resend Filings 6/12/22 – present* at Docket 4 was accepted for the administrative change of his mailing address. The request to resend filings made within Docket 4 is **DENIED**.

4. Plaintiff's *Update of Plaintiff's Location (in Federal Transit) and Request for Copies of Recent Filings* at Docket 5 is **DENIED.**

5. Plaintiff's *Request of Court to Instruct Plaintiff of Proper Protocol to Properly Serve Defendants* at Docket 6 is **DENIED**.

6. Plaintiff's *Updates on Other Federal Court Decisions Adding Credibility to Plaintiff's Slander/Libel Accusations* at Docket 8 is **DENIED**.

---

[69] 28 U.S.C. § 1915(b).

7. Plaintiff's *Acknowledgment of Receipt of New Magistrate Order – Request to Screen 3 Attorneys* at Docket 9 is **DENIED**.

8. Plaintiff has until **November 17, 2022** to file one of the following:

    a. <u>Amended Complaint</u>, in which Plaintiff would resubmit his claims to the Court after correcting the deficiencies in accordance with this order. An amended complaint would replace the current complaint in its entirety,[70] **OR**

    b. <u>Notice of Voluntary Dismissal</u>, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and would dismiss the entire action.

9. Any amended complaint should be on this Court's form, which is being provided to Plaintiff with this order. As discussed above, an amended complaint will replace the prior complaint in its entirety.[71] Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended complaint will be considered waived.

10. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **November 17, 2022,** this case will be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B) without

---

[70] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[71] *See* Local Civil Rule 15.1.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Screening Order
Page 19 of 20
Case 3:22-cv-00143-SLG   Document 11   Filed 10/14/22   Page 19 of 20

further notice to Plaintiff. This dismissal will count as a "strike" against Plaintiff under § 1915(g).[72]

11. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

12. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS22, Civil Complaint; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 14th day of October, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES MAGISTRATE JUDGE

---

[72] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."