# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BJORN ERIK HAAPANIEMI,

    Plaintiff,

v.

ANCHORAGE DAILY NEWS, *et al.*,

    Defendants.

Case No. 3:22-cv-00143-SLG

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Self-represented prisoner Bjorn Erik Haapaniemi[1] ("Plaintiff") initiated this action on June 9, 2022.[2] At that time, Plaintiff was residing at a Federal Correctional Institution ("FCI") in Anthony, Texas.[3] The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), found the Complaint deficient but granted leave to amend.[4] Plaintiff filed an Amended Complaint.[5] The Court now screens Plaintiff's Amended Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). Plaintiff has also filed several additional documents with titles such as "Notice" or "Motion." These filings are addressed separately in this order. However, the Court will not consider any additional allegations contained in those

---

[1] Plaintiff changed his name from Peter Lee Norris to Bjorn Erik Haapaniemi on June 19, 2020. Docket 1-1.

[2] Docket 1.

[3] Docket 1 at 1. Plaintiff also provided a P.O. Box in Anthony, New Mexico in his return address.

[4] Docket 11.

[5] Docket 13.

filings, as they are not a proper way to amend a complaint.[6]

## DISCUSSION

As in his initial Complaint, the Amended Complaint brings allegations of libel, slander, and malicious intent against Defendants. The Court's initial Screening Order found the Complaint failed to demonstrate proper jurisdiction and failed to state a claim upon which relief may be granted.[7]

As was explained in the Court's initial Screening Order, jurisdiction is "[a] court's power to decide a case or issue a decree."[8] The Amended Complaint only asserts claims arising under Alaska state law. Plaintiff makes no allegations or claims under the United States Constitution or federal statutes. Accordingly, the Court does not have federal question jurisdiction.

The Amended Complaint maintains the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff alleges that he is currently a resident of the State of California, that Defendants are citizens of Alaska, and that the amount in controversy exceeds $75,000.[9] The party asserting diversity jurisdiction bears the burden of proving that there is diversity of citizenship.[10] And the rule is well established "that subject-matter jurisdiction in

---

[6] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[7] Docket 11 at 3.

[8] Docket 11 at 8 (citing BLACK'S LAW DICTIONARY, (11th ed. 2019)).

[9] Docket 13.

[10] *Lew v. Moss*, 79 F.2d 747, 749 (9th Cir. 1986).

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 2 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 2 of 9

diversity cases depends on the state of facts that existed at the time of filing."[11] Here, Plaintiff was housed at a facility in the State of Texas, not California, at the time he initiated this action in June 2022. But he has not established, or even asserted, that he was a domiciliary of Texas at that time. Indeed, he was transferred out of Texas less than two months later in August 2022.[12] As discussed below, Plaintiff was a domiciliary of Alaska prior to his incarceration in Arizona, and he has failed to meet his burden to show that he is no longer a domiciliary of this state. Because all parties are citizens of Alaska, the Court does not have diversity jurisdiction.

### a. Judicial Notice

As an initial matter, the Court takes judicial notice of certain undisputed facts contained in court filings.[13] On or about August 2008, the State of Alaska Office

---

[11] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 567 (2004).

[12] *See* Docket 4, Notice of Change of Address.

[13] Judicial notice is appropriate for facts that are "not subject to reasonable dispute" because they "can be accurately and readily determine from sources whose accuracy cannot be reasonably questioned." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6 ("While some of these documents are filed under seal, they nonetheless are readily verifiable and, therefore, the proper subject of judicial notice."); *see also* Fed. R. Evid. 201. This can include matters of public record, such as court documents. See *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). While judicial notice does not typically extend to factual statements in the parties' filings or findings of fact in court orders, the facts included herein are not subject to reasonable dispute. By signing the Plea Agreement, Plaintiff "admit[ed] the truth of the facts in the Factual Basis portion of [the] agreement." *U.S. v. Haapaniemi,* Case No. 3:19-cr-00078-RRB-MMS (D. Alaska), Docket 35 at 16, 20. Also, during his change of plea hearing, Plaintiff acknowledged under oath that "every bit" of the factual summary read from the plea agreement into the record by the prosecutor was true. *Id.* at Docket 45-1, Tr. 24:10-28:16. And Plaintiff had an opportunity to object to the Presentence Report, but did not object to the findings from the PSR that are relevant to domiciliary as discussed herein. *Id.* at Docket 84.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 3 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 3 of 9

of Children's Services initiated a Child in Need of Aid proceeding regarding Plaintiff's children.[14] The investigation in that case triggered a simultaneous investigation by police in Arizona.[15] Plaintiff was arrested by the Arizona police in December 2009.[16] Plaintiff was subsequently convicted of sexual assault of a minor and sentenced to ten years imprisonment by the Arizona state court.[17] While Plaintiff was incarcerated in Arizona, he was indicted on new felony charges by this Court in July 2019.[18] Later in 2019, Plaintiff was transferred out of the Arizona Department of Corrections to Alaska and has remained in federal custody to date.[19] The District of Alaska case concerned allegations that from March 2017 through April 2019, both within the District of Arizona and the District of Alaska, Mr. Haapaniemi had engaged in threatening communications directed at the social worker in the Alaska Child in Need of Aid proceeding. Mr. Haapaniemi pleaded

---

[14] *U.S. v. Haapaniemi,* Case No. 319-cr-78-RRB (D. Alaska), Docket 35 at 5.

[15] *U.S. v. Haapaniemi,* Case No. 319-cr-78-RRB (D. Alaska), Docket 35 at 6.

[16] *U.S. v. Haapaniemi,* Case No. 3:19-cr-78-RRB (D. Alaska), Docket 84 at 16-17, ¶¶ 39, 41.

[17] *U.S. v. Haapaniemi,* Case No. 3:19-cr-78-RRB (D. Alaska), Docket 35 at 7.

[18] *U.S. v. Haapaniemi,* Case No. 3:19-cr-78-RRB (D. Alaska), Docket 84 at 9, ¶ 1 ("On July 17, 2019, a three-count indictment was filed in the U.S. District Court for the District of Alaska charging Peter Lee Norris, aka Peter Lee Bjorn Norris, with Stalking (Count 1) and Mailing Threatening Communications (Counts 2 and 3)."). .

[19] *U.S. v. Haapaniemi,* Case No. 319-cr-78-RRB (D. Alaska), Docket 84 at 7 ("Release Status: In Custody."); Docket 84 at 9, ¶ 1 (A *Writ of Habeas Corpus ad prosequendum* was issued the same day as the defendant was in Department of Corrections (DOC) custody in the State of Arizona.").

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 4 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 4 of 9

guilty to those charges and was sentenced to a consecutive total of 108 months imprisonment and three years of supervised release.[20]

The Court also takes judicial notice of domestic violence protective orders issued in 2017 and 2018 by the Alaska Superior Court that had been sought by the social worker,[21] and an unsuccessful writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Western District of Texas, El Paso Division.[22]

### b. Diversity Jurisdiction

A federal district court may have jurisdiction of a civil action where the amount in controversy exceeds $75,000.00 and there is diversity of citizenship is between citizens of different states.[23] A plaintiff must have "citizenship which is diverse from that of every defendant."[24] And "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'"[25]

---

[20] *U.S. v. Haapaniemi,* Case No. 3:19-cr-78-RRB (D. Alaska), Docket 101 at 1 ("Defendant pleaded guilty to counts 1 and 3 of the Indictment"); Docket 101 at 2 (Defendant to be "imprisoned for a total term of 108 months"; consisting of 60 months on Count 1 and 48 months on Count 3, to "run consecutively to Superior Court of Arizona case"); Docket 101 at 3 ("upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.").

[21] See *Hicks v. Norris,* Case No. 3AN-17-01703CI; *Hicks v. Norris,* Case No. 3AN-18-00915C.

[22] *Haapaniemi v. Warden Hijar,* Docket No. 3:21-cv-00309 (W.D. Tex. Dec 17, 2021).

[23] 28 U.S.C. § 1332(a)(1).

[24] *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[25] *Grupo Dataflux v. Global Group*, L.P., 541 U.S. 567, 570 (2004).

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 5 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 5 of 9

The citizenship of a person for diversity jurisdiction depends on where he or she is domiciled. A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely."[26] A change of domicile requires more than physical presence at a new location; it also requires evidence of an intent to remain in the new state indefinitely.[27] "[F]ederal courts typically presume a prisoner to be a resident of the state he or she formerly resided in prior to the incarceration."[28] While the Ninth Circuit Court of Appeals has not established a determinative test for the domicile of incarcerated persons,[29] even assuming a federal prisoner could under some circumstances demonstrate that he has established a new domicile in the state where he is incarcerated, Plaintiff fails to do so here.

Plaintiff was incarcerated at FCI La Tuna in Anthony, Texas when this suit was filed on June 9, 2022.[30] But at the time of this initial filing, Plaintiff's domicile was still Alaska.[31] Although Plaintiff indicated diversity citizenship jurisdiction on

---

[26] *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986).

[27] *Id.* at 750.

[28] *Hardaway v. Nooth*, 2011 WL 7276958, n.2 (D. Or. Oct. 6, 2011) (citing to *Smith v. Cummings,* 445 F.3d 1254, 1260 (10th Cir.2006); *Denlinger v. Brennan,* 87 F.3d 214 (7th Cir.1996); *Housand v. Heiman,* 594 F.2d 923, 925 n. 5 (2nd Cir.1979) (*per curiam*); *Jones v. Hadican,* 552 F.2d 249, 250–51 (8th Cir), *cert. denied,* 431 U.S. 941 (1977); *Stifel v. Hopkins,* 477 F.2d 1116 (6th Cir.1973)).

[29] *U.S. v. Arango*, 670 F. 3d 988, 997, n. 7 (stating "We do not decide whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction, a question that the Ninth Circuit has yet to address.).

[30] Dockets 1, 3.

[31] *See, e.g., U.S. v. Haapaniemi,* Case No. 3:19-cr-78-RRB (D. Alaska), Docket 84 at 19, ¶ 50

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 6 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 6 of 9

his Civil Cover Sheet,[32] Plaintiff made no statement as to his citizenship.[33] On October 31, 2022, Plaintiff filed the Amended Complaint while incarcerated in California.[34] In filings in August and November 2022, Plaintiff acknowledged he had been in transit among federal prisons for four months without a permanent address.[35] Per Plaintiff's own report, he has been transferred among various FCIs, including but not limited to facilities in Texas, Oklahoma City, and Phoenix.[36] In California, he has spent time in FCI facilities in Moreno Valley, Victorville, and Adelanto. In August 2022, he informed the Court that in the future, he expected to be transferred to FCIs at Lompoc, Santa Barbara, Atlanta, and Miami.[37]

Because Plaintiff and Defendants were all domiciliaries of Alaska when Plaintiff initiated this action in June 2022, the Court does not have diversity jurisdiction over this action. Due to the lack of jurisdiction, permitting an attempt at

---

(PSR verifier stating that she "met the defendant in 2009 in Alaska"); Docket 84 at 22-24, ¶¶ 70, 74, 77 (referencing health care and evaluations obtained by Plaintiff in Anchorage, Alaska in 2008 and 2009); Docket 84 at 19, ¶84 (referencing arrest in Anchorage, Alaska in August 2009 for violation of protective order).

[32] Docket 2.

[33] Docket 1. *See also* Screening Order, Docket 11 at 10 ("Plaintiff makes no statement as to his state citizenship or that of the Defendants.").

[34] Docket 13.

[35] Dockets 6 at 1; 16 at 2.

[36] Docket 5 at 1.

[37] Docket 5 at 1.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 7 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 7 of 9

further amendment in this case would be futile. Therefore, this action must be DISMISSED.

## NOTICES

The Court has previously cautioned Plaintiff that non-procedurally compliant filings will not be considered. Notices are a type of filing that should be rarely used and only for administrative functions—i.e., to notify the court of a change of address or for an attorney to appear to represent a client.[38] Notices that do not comply with the procedural rules cannot be considered and should not be filed.

## MOTIONS

In light of the instant screening, there is no operative complaint, and therefore, any pending Motions must be **DISMISSED AS MOOT.**

However, the Court must address Plaintiff's "Request to Add Defendants" seeking to add former OCS worker and others to this action.[39] The Court cautions that frivolous filings or filings that aim to manipulate, harass, and obstruct justice may result in filing restrictions.

In addition, Plaintiff is cautioned that filings with the Court must be legible. Although handwritten filings are permitted, they must be double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-

---

[38] *See* Local Civil Rule 11.1(b) (mandating self-represented litigants submit notice of a change of address and telephone number); Local Civil Rule 11.1(a) (instituting procedures for attorneys entering an appearance on behalf of their client).

[39] Docket 20 at 2.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 8 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 8 of 9

point font size. [40]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE for futility of amendment.**

2. All pending Motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue final judgment in this action.

DATED this 10th day of February, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[40] *See* Local Civil Rule 7.5.

Case No. 3:22-cv-00143-SLG, *Haapaniemi v. Anchorage Daily News, et al.*
Order of Dismissal for Lack of Jurisdiction
Page 9 of 9

Case 3:22-cv-00143-SLG   Document 28   Filed 02/10/23   Page 9 of 9